Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005864
26-FEB-2014
07:50 AM

NO. CAAP-13-0005864

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DISCOVER BANK, a Delaware Corporation, Plaintiff-Appellee, v.
BRADFORD W. ADAMS and EI RAYNA K. ADAMS, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC09-1-9133)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING AS MOOT ANY AND ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-13-0005864
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over the appeal that Defendants-Appellants
Bradford W. Adams and Ei Rayna K. Adams (the Adams Appellants)
have asserted from the Honorable Hilary B. Gangnes's following
two interlocutory orders:

(1) an October 29, 2013 order denying the Adams
Appellants' motion for dismissal and judgment on
the merits; and

(2) a November 6, 2013 order denying the Adams
Appellants' motion for "review" of the October 29,
2013 order.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp.
2013) authorizes an appeal from a final order or final judgment
of a district court.

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies . . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished . . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). In the instant case, the district court has not yet entered a final order or final judgment that ends this litigation by adjudicating all claims and leaving nothing further to be adjudicated. Absent a final order or final judgment that resolves all claims in this case, we lack appellate jurisdiction under HRS § 641-1(a) and the holding in Casumpang v. ILWU, Local 142.

Although exceptions to the finality requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), neither of the two appealed interlocutory orders satisfies the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS

2

§ 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent a final order or final judgment that adjudicates all of the parties' claims, the Adams Appellants' appeal is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005864 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-13-0005864 are denied as moot.

DATED: Honolulu, Hawai'i, February 26, 2014.

Presiding Judge

Associate Judge

Associate Judge